UNITED STATES *v.* GOODRICH Co. (Nos. 1522 and 1523).[1]

WIRE IN U FORMS, BUT NOT USED AS STAPLES.

> These articles, wire forms of heavy wire, are used in the manufacture of auto-mobile tires. They were not imported nor are they designed for use as staples, that is, as fasteners. They have been advanced beyond the condition of a staple proper and should not be classified as such.

United States Court of Customs Appeals, May 18, 1915.

APPEAL from Board of United States General Appraisers, G. A. 7657 (T. D. 35025).

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*Frank P. Wilson,* special attorney, on the brief), for the United States.
*Allan R. Brown* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The merchandise involved in these appeals consists of wire forms of heavy wire about 2½ inches long, first bent in the form of a "U" and then bent in the middle, or halfway between the ends and the loop, to a right-angled shape.

Duty was levied by the collector at the rate of 15 per cent ad valorem under paragraph 114 of the tariff act of 1913, which reads:

> Round iron or steel wire; wire composed of iron, steel, or other metal, except gold or silver, * * *; all other wire not specially provided for in this section and articles manufactured wholly or in chief value of any wire or wires provided for in this section; all the foregoing 15 per centum ad valorem; * * *.

The articles described fall clearly within this provision unless they are properly classifiable as wire staples, which are admitted free under paragraph 554 of the act.

The use for which the merchandise was imported is in the manufacture of automobile tires. They are used as an anchor for the cords which go to make up the tire of this particular manufacture. In its use it is not driven into anything, and its loop does not receive or fasten anything.

Giving the word "staple" its broadest use and the use to which we think it is entitled, namely, any U-shaped piece of metal made for the purpose of serving as a fastener or part of a fastener, by receiving the eye of a hasp, the point of a hook, or the end of a bolt, or of holding in place a substance or material through which it has been inserted, it is yet difficult to see how this article can be so classified. In its use it answers the same purpose, as an anchor or stiffener, as would any irregular piece of wire so applied. The fact that it would at one time in the course of its preparation be U-shaped in form and could then be devoted to use as a staple does not fully meet the question here in-

[1] Reported in T. D. 35443 (28 Treas. Dec., 869).

volved. The article as imported and as designed for use was not an article to be used as staples are used, but is devoted to an entirely different and, so far as we know, a unique use. The loop or bow which is essential to constitute the article a staple is in a staple, properly so classified, the principal and essential part. In the article here produced such use has been abandoned and made apparently impossible, and in the use to which it is devoted the loop answers no purpose, certainly none of the purposes of a staple, which is, of its own force, to hold in place some article inserted within the loop.

In the use to which it is devoted the cords which go to constitute a portion of the tire are caught around the ends of the wires and not through the loop. The loop part is then encompassed by other portions of the tire, and this forms what is very appropriately termed by the witness for the importer an anchor.

We hold, therefore, that while in the course of its manufacture this article may at one time have resembled a staple, it has been advanced beyond that state for a special use and should not now be so classified. The decision of the Board of General Appraisers is *reversed.*